ORIGINAL

# In the United States Court of Federal Claims

No. 13-718C
Filed: June 3, 2014

FILED
JUN 3 2014
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * *
KAREY COLEMAN,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

* * * * * * * * * * * * * * * * *

Pro Se Plaintiff; In Forma Pauperis Application; Motion to Dismiss; Lack of Subject Matter Jurisdiction.

Karey Coleman, Fishers, IN, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were Robert E. Kirschman, Jr., Director, Commercial Litigation Branch, and Stuart F. Delery, Assistant Attorney General, Civil Division, Washington, D.C.

## ORDER

**HORN, J.**

Plaintiff, Karey Coleman, filed a two-page pro se complaint in the United States Court of Federal Claims. As initially filed, the caption of the complaint stated: "IN THE SUPREME COURT OF THE UNITED STATES," and bore two different case numbers, neither of which is of the case number type assigned by this court: "13-1509" and "1:13-cv-00170-TWP-DKL."[1]

---

[1] Plaintiff's case numbers appear to be from plaintiff's prior cases filed in the United States Court of Appeals for the Seventh Circuit, Coleman v. J. Everett Light Career Center, No. 13-1509 (7th Cir. May 23, 2013) and in the United States District Court for the Southern District of Indiana, Coleman v. J. Everett Light Career Center, No. 1:13-cv-170-TWP-DKL (S.D. Ind. Mar. 1, 2013).

Moreover, the initial complaint named "J. EVERETT LIGHT CAREER CENTER"[2] as the defendant.[3] Along with his complaint, plaintiff filed an Application to Proceed In Forma Pauperis. In his Application to Proceed In Forma Pauperis, Mr. Coleman states that he is currently unemployed, has had no source of income for the past twelve months, and has not received any gifts, inheritances, pensions, annuities, life insurance, rents, interest or dividends in the past twelve months. He also claims he does not own real estate, stock, or bonds, has no cash, and has no money in checking, savings, or any other accounts.

Subsequently, the Clerk's Office received a submission from plaintiff, titled "Notification." The Clerk's Office did not file plaintiff's submission because it was procedurally defective, and was not submitted in accordance with RCFC 5.3, 5.5(c)(5), and 5.5(d)(2). After it was returned to the plaintiff, plaintiff submitted another filing to the Clerk's Office, entitled "Pleadings." Although that filing, again, was procedurally defective, it was filed by leave of the undersigned. In his "Pleadings" submission, plaintiff correctly identifies this court as the United States Court of Federal Claims and properly names the United States as the defendant. As discussed more fully below, considering plaintiff's pro se status, and drawing all reasonable inferences in plaintiff's favor, the court will treat plaintiff's "Pleadings" submission as an amended complaint, as it correctly identifies the United States as the defendant, and this court as the court in which plaintiff's complaint is filed. In his confused filing, plaintiff alleges:

---

[2] According to the information available on its website, the "J. EVERETT LIGHT CAREER CENTER" is a "CAREER AND TECHNICAL EDUCATION CENTER," located in Indianapolis, Indiana, which "serves 12 school corporations in Marion, Boone and Hamilton counties with a variety of quality career and technical education programs." Available at http://jelcc.com/about-jel/ (last visited on June 3, 2014) (capitalization in original).

[3] Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2013) states that "[t]he title of the complaint must name all the parties . . . , with the United States designated as the party defendant." RCFC 10(a); see also 28 U.S.C § 1491(a)(1) (2012). The United States Supreme Court has indicated that for suits filed in the United States Court of Federal Claims and its predecessors, "[i]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); see also United States v. Sherwood, 312 U.S. at 588; Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Hover v. United States, 113 Fed. Cl. 295, 296 (2013) ("As an initial matter, it is well settled that the United States is the only proper defendant in the United States Court of Federal Claims."); Warren v. United States, 106 Fed. Cl. 507, 510-11 (2012) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims."); May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2008).

2

1. I Karey Coleman am pleading Tanya Pratt[4] made a ruling on my claim that was ruled fraudulently by the statements Tanya Pratt made 1:13-cv-00718-MHB [sic] IC 35-44-2-1[5]

2. Tanya Pratt held a ruling on a supplemental complaint against J. EVERETT LIGHT CAREER CENTER[6] Stating I did not claim a defendant Todd Delay at all in this cause but Tanya Pratt has Todd Delay in statement of the claim

3. Todd Delay was the basis of the claims towards J. EVERETT LIGHT CAREER CENTER and Tanya Pratt falsely states Todd Delay was not stated at all so the name should not exist at all

---

[4] Tanya Walton Pratt serves as a Judge on the United States District Court, Southern District of Indiana.

[5] The case number 1:13-cv-00718 refers the proceedings in this court, and should read 1:13-cv-00718-MBH, not to the proceedings before "Tanya Pratt" in the United States District Court for the Southern District of Indiana. The reference to "IC 35-44-2-1," appears to be a reference to the former Indiana Code Provision for "Perjury." The statute stated:

(a) A person who:

(1) makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true; or
(2) has knowingly made two (2) or more material statements, in a proceeding before a court or grand jury, which are inconsistent to the degree that one (1) of them is necessarily false; commits perjury, a Class D felony.

(b) In a prosecution under subsection (a)(2) of this section:

(1) the indictment or information need not specify which statement is actually false; and
(2) the falsity of a statement may be established sufficient for conviction, by proof that the defendant made irreconcilably contradictory statements which are material to the point in question.

The statute was repealed, effective July 1, 2012, and replaced with Indiana Code 35-44.1-2-1 (2012), which contains substantially similar language.

[6] Capitalization, punctuation, grammar and spelling errors appear as in Mr. Coleman's submissions.

4. Tanya Pratt were the statements made under oath if so isn't that a federal crime not justice evidently if the stamens [sic] are known to be false

5. Then when I filed the appeal it was based on the ruling because Tanya Pratt had already claimed J. EVERETT LIGHT CAREER CENTER had violated under Title I General Provision

6. When I sent my complaint to the Seventh Circuit Court 13-1509 Everett Mckinley Dirksen[7] claimed I wasn't under poverty level procedure article 5183(b)

7. Everett McKinley made several of false statements amongst every appeal ordering to pay court fee and I am evidently under poverty level under oath isn't that IC 35-44-2-1 also

8. So I feel like the issues within the justice system need to be addressed and I need a correct ruling as well due by my civil rights

   That's why I state due to violation of my civil rights as a citizen I ask for a relief of 12,000,000 dollars due to detours towards my success and the misconduct lead by others against my motivation on procedure to succeed in my life

Defendant moves to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. Defendant also asserts that "[e]ven if the Court were to possess jurisdiction over Mr. Coleman's complaint," plaintiff's complaint is barred by res judicata. Moreover, the government alleges that the complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to RCFC 12(b)(6) because to the extent plaintiff's complaint "does state any claim at all, it appears to attempt to state a claim against a Federal judge for dismissing plaintiff's previous complaint," filed in the Southern District of Indiana. Defendant states that "it appears that Mr. Coleman's complaint in this Court is really a result of dissatisfaction" with United States District Court Judge Tanya Walton Pratt's decision dismissing plaintiff's previous "civil rights" complaint for failure to state a claim. Mr. Coleman appealed Judge Pratt's decision to the Seventh Circuit but his appeal was dismissed for failure to pay the docketing fee. See Coleman v. J. Everett Light Career Ctr., No. 13-1509. To date, plaintiff has not responded to the government's motion to dismiss, although plaintiff has been allotted more time than provided under the court's Rules.

---

[7] It appears that plaintiff confused the name of the courthouse building in which the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Northern District of Illinois are located, with the name of the individual who dismissed plaintiff's appeal for failure to pay the required docketing fee.

4

## DISCUSSION

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, No. 2013-5109, 2014 WL 1758664, at *1 (Fed. Cir. May 5, 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

In order to provide access to this court to those who cannot pay the filing fees mandated by RCFC 77.1(c) (2013), the statute at 28 U.S.C. § 1915 (2012) permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. Plaintiff, Karey Coleman, filed an Application to Proceed In Forma Pauperis. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217-18 (1993); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011). In Fiebelkorn v. United States, the United States Court of Federal Claims indicated:

> [T]he threshold for a motion to proceed in forma pauperis is not high: The statute requires that the applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.

Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Hayes v. United States, 71 Fed. Cl. 366, 369 (2006). Although Mr. Coleman's lack of income and absence of savings could qualify him for in forma pauperis status, his complaint is dismissed for lack of jurisdiction in this court.

Moreover, plaintiff has violated the "three strikes" rule of 28 U.S.C. § 1915, by filing at least three complaints in federal courts which were dismissed for failure to state a claim. See Coleman v. J. Everett Light Career Ctr., No. 1:13-cv-170-TWP-DKL; Coleman v. Bureau of Ind. Educ., No. 1:12-cv-1005-JMS-MJD (S.D. Ind. Nov. 2, 2012);[8] Coleman v. Ind. Civil Rights Comm'n, No. 1:12-cv-1238-SEB-DML (S.D. Ind. Sept. 6, 2012).

The statute at 28 U.S.C. § 1915(g), titled the Prison Litigation Reform Act, denies in forma pauperis status to repetitive complainants, and also was enacted to discourage frivolous lawsuits. It states:

> In no event shall a prisoner[9] bring a civil action or appeal a judgment in a civil action or proceeding under this section [titled "Proceedings in forma

---

[8] Plaintiff also filed two appeals to the United States Court of Appeals for the Seventh Circuit, which were dismissed for failure to pay the docketing fee. See Coleman v. J. Everett Light Career Ctr., No. 13-1509 and Coleman v. Bureau of Ind. Educ., No. 12-3582 (7th Cir. Jan. 25, 2013).

[9] A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding in forma pauperis applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed in forma pauperis in federal court. See, e.g., Floyd v. United States Postal Serv., 105 F.3d 274, 275-76 (6th Cir.), reh'g denied (6th Cir. 1997); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the in forma pauperis right of access to federal courts of eligible, indigent, non-prisoners), appeal dismissed, 152 F.3d 947 (Fed. Cir. 1998); see also In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (discussing how to administer in forma pauperis rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for in forma pauperis status); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) seemingly to indicate that the use of that word was too narrow); Smith v. United States, 113 Fed. Cl. 241, 243 (2013); Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1)] is that it is not limited to prisoner suits"). Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once. This court, therefore, finds that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court in forma pauperis, provided that the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915.

6

pauperis"] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also McLean v. United States, 566 F.3d 391, 394 (4th Cir. 2009); Pettus v. Morganthau, 554 F.3d 293, 296 (2d Cir. 2009); Warren v. United States, 106 Fed. Cl. 507, 509-10 (2012); Dudley v. United States, 61 Fed. Cl. 685, 686 (2004).

As noted above, plaintiff has filed numerous previous lawsuits in federal courts, three of which were dismissed for failure to state a claim upon which relief can be granted. See, e.g., Coleman v. J. Everett Light Career Ctr., No. 1:13-cv-170-TWP-DKL (Dismissing the case because "no plausible claim has been stated."); Coleman v. Bureau of Ind. Educ., No. 1:12-cv-1005-JMS-MJD ("Despite repeated efforts and directions as to applicable guidelines for pleadings, Coleman remains unable to assert a plausible claim against the defendant."); Coleman v. Ind. Civil Rights Comm'n, No. 1:12-cv-1238-SEB-DML (Holding that plaintiff's "complaint fails to state a claim upon which relief can be granted."). Therefore, Mr. Coleman is subject to the "three strikes" rule and his Application to Proceed In Forma Pauperis must be denied. Plaintiff is barred from filing further in forma pauperis petitions in this court.

Moreover, on the merits, Mr. Coleman's complaint is insufficient to establish a cause of action in this court. It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506)); Rick's Mushroom

Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2014); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, No. 2012-5104, 2014 WL 1394969 (Fed. Cir. Apr. 11, 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing

Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States. . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the

9

government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

Mr. Coleman's short, confused pleading fails to allege any basis for the jurisdiction of this court. It appears that plaintiff's allegations take issue with and allege misconduct as a result of a ruling issued by United States District Court Judge Tanya Pratt of the United States District Court for the Southern District of Indiana, dismissing plaintiff's 2013 complaint for failure to state a claim. See Coleman v. J. Everett Light Career Ctr., No. 1:13-cv-170-TWP-DKL. Plaintiff alleges that Judge Tanya Pratt "made a ruling on my claim" that was "ruled fraudulently by the statements Tanya Pratt made." Mr. Coleman alleges that the "fraudulent[]" statements allegedly made by Judge Tanya Pratt were "made under oath" and plaintiff claims that this is a "federal crime not justice." Judges enjoy immunity from suit for activities performed in their official judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Butz v. Economou, 438 U.S. 478, 508-17 (1978); Bradley v. Fisher, 80 U.S. 335, 347 (1871); see also Pikulin v. United States, 97 Fed. Cl. at 75. This court, therefore, cannot entertain plaintiff's claims against Judge Pratt, as all of plaintiff's allegations stem from her decision on Mr. Coleman's 2013 claim in the District Court for the Southern District of Indiana.

Plaintiff also refers to "Everett Mckinley Dirksen," who allegedly "made several of false statements." Although plaintiff fails to specify, who "Everett Mckinley" is, as noted above, after examining plaintiff's prior litigation history at the United States Court of Appeals for the Seventh Circuit, it appears that plaintiff has confused the name of the courthouse building, named after former United States Senator, Everett McKinley Dirksen, which is the location of the federal District and Circuit Courts, with the name of the individual who dismissed plaintiff's appeal for failure to pay the docketing fee. See Order of Dismissal in Coleman v. J. Everett Light Career Ctr., No. 13-1509 (7th Cir. May 23, 2013). In fact, the order dismissing plaintiff's 2013 appeal at the Seventh Circuit was issued by Desiree St. German, Deputy Clerk of the United States Court of Appeals for the Seventh Circuit, and not "Everett Mckinley."

The only proper forum in which plaintiff could appeal the decision issued by Judge Pratt of the United States District Court for the Southern District of Indiana was the United States Court of Appeals for the Seventh Circuit. It is well-settled that this court has no jurisdiction to review decisions issued by federal District Courts. See 28 U.S.C. § 1291 (2012) ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."); see also Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."); Schrader v. United States, 103 Fed. Cl. 92, 97 (2012) (noting that this court does not have "jurisdiction to review the decisions of a federal district court" (citing Joshua v. United States, 17 F.3d at 380)). Moreover, as discussed above, plaintiff already filed an appeal to the Seventh Circuit, but that appeal was dismissed and a mandate was issued "for failure to timely pay the required docketing fee." See Coleman v. J. Everett Light Career Ctr., No. 13-1509. The Seventh Circuit also denied plaintiff's June 19, 2013 motion to recall the court's mandate. Similarly, the court had already denied plaintiff's motion to proceed in forma pauperis as well as denied two motions by plaintiff to vacate the court's April 18, 2013 order instructing the plaintiff to pay a docketing fee, or risk having the appeal dismissed.

The United States Court of Federal Claims also does not have the authority to review the decisions of the United States Courts of Appeals for the Seventh Circuit, which can only be appealed to the United States Supreme Court. See 28 U.S.C. § 1254 (2012). As indicated in 28 U.S.C. § 1254:

Cases in the courts of appeals may be reviewed by the Supreme Court by the following methods:

**(1)** By writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after rendition of judgment or decree;

**(2)** By certification at any time by a court of appeals of any question of law in any civil or criminal case as to which instructions are desired, and upon such certification the Supreme Court may give binding instructions or require the entire record to be sent up for decision of the entire matter in controversy.

28 U.S.C. § 1254 (emphasis in original).

To the extent that Mr. Coleman is trying to allege that Judge Tanya Pratt or any government official committed civil fraud or a tortious act by making "false statements," the Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Sellers v. United States, 110 Fed. Cl. 62, 66 (2013); Kalick v. United States, 109 Fed. Cl. 551, 558, aff'd, 541 F. App'x 1000 (Fed. Cir. 2013); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. dismissed, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Therefore, this court does not have jurisdiction over plaintiff's civil fraud or tort claims.

To the extent plaintiff is trying to allege a violation of his "civil rights as a citizen," or requests "a correct ruling as well due by my civil rights," the United States Court of Federal Claims lacks jurisdiction to hear claims alleging deprivation of civil rights under color of law. See Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws.") (citation omitted); see also Wagstaff v. United States, 105 Fed. Cl. 99, 109 (2012); May v. United States, 104 Fed. Cl. 278, 284 (2012), aff'd, 534 F. App'x 930 (Fed. Cir. 2013);

Hanes v. United States, 44 Fed. Cl. 441, 449 (1999), aff'd, 243 F.3d 562 (Fed. Cir.), reh'g denied (2000); Sanders v. United States, 34 Fed. Cl. 75, 80 (1995), aff'd, 104 F.3d 376 (Fed. Cir.), reh'g denied, in banc suggestion declined (Fed. Cir. 1996) (the general civil rights claims alleged are not based on any money-mandating provisions, and do not give rise to liability for the United States), cert. denied, 522 U.S. 831, reh'g denied, 522 U.S. 1036 (1997); Blassingame v. United States, 33 Fed. Cl. 504, 505, aff'd, 73 F.3d 379 (Fed. Cir. 1995), reh'g denied (Fed. Cir.), cert. denied, 517 U.S. 1237 (1996).

In sum, even considering plaintiff's pro se status, and drawing all reasonable inferences in plaintiff's favor, the plaintiff has not alleged any claims within this court's jurisdiction. Because the current complaint is dismissed for lack of subject matter jurisdiction, the court will not examine defendant's arguments regarding res judicata or failure to state a claim pursuant to RCFC 12(b)(6). See, e.g., Vandesande v. United States, 94 Fed. Cl. 624, 636 n.8 (2010) ("Because the Court finds it lacks jurisdiction over Plaintiff's claim, it is not necessary to address Defendant's assertions of *res judicata* and collateral estoppel."), rev'd on other grounds, 673 F.3d 1342 (Fed. Cir. 2012); Simmons v. United States, 71 Fed. Cl. 188, 189 ("Because the Court dismisses this case for lack of subject-matter jurisdiction, it does not address the Government's alternative motion for summary judgment, affirmative defenses, nor the merits of the Plaintiff's claims."), appeal dismissed, 189 F. App'x 957 (Fed. Cir. 2006).

## CONCLUSION

For the reasons discussed above, the court lacks jurisdiction to entertain plaintiff's claims. Defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED**. Because plaintiff previously has filed three civil actions in federal courts which have been dismissed for failure to state a claim, plaintiff is barred from filing any future complaints in forma pauperis in this court. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order and shall reject any future complaints filed by this plaintiff in this court without the requisite filing fee.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**